Charles A. Loreto, J.
Plaintiff moves pursuant to rule 112 for judgment on the pleadings. The action is against a guarantor. In its answer, the defendant has in effect admitted the indebtedness of its principal to the plaintiff, but asserts that the plaintiff is indebted to the principal. The first and second separate defenses are based on section 218 of the General Corporation Law. In the third defense and setoff it is alleged that plaintiff is indebted to the principal for an amount in excess of plaintiff’s demand. Plaintiff contends that the allegations of the third defense and setoff are conclusory and it is therefore insufficient for failure to allege ultimate facts.
Defendant cross-moves for leave to serve the proposed amended answer, which will deny the alleged indebtedness of the principal to the plaintiff, and which will set forth the alleged ultimate facts of the claimed indebtedness of the plaintiff to the principal.
The guarantor, sued alone, may not urge as defense or counterclaim an independent cause of action in favor of the principal against the plaintiff. This does not, however, preclude a defense with respect to the transactions in suit between the plaintiff and the defendant’s principal as to the amount due thereon (Elliott v. Brady, 192 N. Y. 221; Ettlinger v. National Sur. Co., 221 N. Y. 467). Since the alleged indebtedness relied on in the proposed defense was urged in the original answer and attacked for insufficiency as to form of pleading only, the cross motion will be granted.
Apart therefrom an issue arises upon the complaint and the original answer which requires denial of plaintiff’s motion. The first and second defenses are, on their face, good, unless there is validity to plaintiff’s contention that the provision of *675 the written guarantee which states ‘ ‘ For all purposes hereof, this agreement shall be deemed to have been made, entered into, executed and delivered at Detroit, Michigan” is conclusive. This provision, plaintiff urges, is a waiver of section 218 of the General Corporation Law. Assuming, as plaintiff urges, that the provisions of the statute affecting public policy may be waived, yet the contract provision does not itself establish as a matter of law that the benefit of the statute has been waived.
Plaintiff’s motion is denied.
The cross motion is granted, without passing upon the sufficiency of the proposed answer, and it is deemed served upon service of a copy of this order with notice of entry.