■ ALLEN INDUSTRIES, INC., Appellant, v. EXQUISITE FORM BRASSIERE, INC., Defendant-Respondent and Third-Party Plaintiff. EASTERN FOAM FABRIC CO., INC., Third-Party Defendant.—

The proposed amended answer contains only additional denials, and an elaboration of the affirmative defenses in the original answer which plaintiff had attacked for legal insufficiency. In consequence, the attorney's affidavit in support of the cross motion for leave to amend is sufficient (cf. *Merker* v. *Merker*, 8 A D 2d 706). For purposes of the cross motion it is unnecessary to pass upon the sufficiency, either in substance or in form, of the defenses asserted in the proposed amended answer (Tripp, A Guide to Motion Practice [rev. ed.], § 37, subd. 6, p. 110). It suffices to defeat plaintiff's motion for judgment on the pleadings that the denials in the proposed amended answer will raise an issue of fact, without regard to the sufficiency of the affirmative defenses (*Stevenson* v. *News Syndicate Co.*, 302 N. Y. 81, 87; *Von Oehsen* v. *Bartley*, 241 App. Div. 619). So, too, the first affirmative defense under section 218 of the General Corporation Law is good and suffices to defeat the motion. At best, from plaintiff's point of view, the provision in the guarantee agreement, namely, "For all purposes hereof, this agreement shall be deemed to have been made, entered into, executed and delivered at Detroit, Michigan", would raise a question of fact whether there was, indeed, a waiver of statutory provisions. Moreover, it is dubious whether such a waiver can be effected in advance of an action being brought. The provision may have manifested no more than that Michigan law should determine the substantive rights of the parties under the agreement (see 8 N. Y. Jur., Conflict of Laws, § 20). It may be noted in passing, however, that the second affirmative defense, also based on section 218 of the General Corporation Law, does not appear sufficient, for plaintiff seeks to recover upon the contract of guarantee with defendant rather than upon the underlying sales agreements with the third-party defendant. The validity of such underlying agreements is in no way affected by section 218 (*Mahar* v. *Harrington*

*Park Villa Sites*, 204 N. Y. 231). Hence, it would not appear to be significant in this action on the guarantee that the agreements were made by plaintiff in this State without complying with the registration requirements for foreign corporations. It may be similarly noted, in passing, that the third affirmative defense may also be subject to attack. Alleging a conspiracy with one of the principal obligor's employees, it does not relate the subsequent overt act to the alleged arrangements with such faithless employee (*Cukor Ind.* v. *Crow Constr. Co.*, 6 A D 2d 415, 417; *Miller* v. *Spitzer*, 224 App. Div. 39). In any event, the sufficiency of the third affirmative defense amounting to a claim for setoff, will depend upon what defenses are raised in the answer of the third-party defendant, the principal obligor (*Ettlinger* v. *National Sur. Co.*, 221 N. Y. 467, especially 471; *Psaty & Fuhrman*, v. *Continental Cas. Co.*, 278 App. Div. 159; Stearns, Law of Suretyship [5th ed.], pp. 232–237; Restatement, Security, § 133, subd. [2]). In view of the aspects of the case last discussed, it may be that defendant should seek further amendment of its pleadings, if so advised, in order to obviate further objection to the proposed amended answer. Concur — Botein, P. J., Breitel, Rabin, Valente and Bastow, JJ. [31 Misc 2d 673.]