Charles M. Hughes, J.
The respondent Continental Casualty Company (hereinafter referred to as the Surety) has made a motion to vacate an order of this court dated April 10, 1964 and entered April 23, 1964, which directed the respondent surety company to proceed to arbitration of certain alleged disputes arising between Ledo Realty Corporation, the petitioner and owner (hereinafter referred to as Ledo) and the Heyward-Robinson Company, Inc., a contractor.
The affidavits affirmatively establish that the above-mentioned order was taken as the result of an inadvertent default on the part of the surety. On this motion, the parties have directed their argument to the main issue as to whether the surety can be compelled to arbitrate on the basis of the facts set forth in the affidavits presented on this motion.
It is the respondent Ledo’s contention that under the terms of the contract between Ledo and the contractor, the Surety is required to submit to arbitration. Ledo’s contention is based on the ground that the contract between Ledo and the contractor incorporated by reference another document called “ General Conditions of the Contract for the Construction of Buildings” which contained an arbitration clause. The only signatories to the contract referred to were Ledo, as owner, and Heyward-Robinson Company, Inc., as contractor.
*381 The affidavits further reveal that neither Ledo nor the Surety has moved to remedy the alleged default by the contractor, and no claim or action has been brought upon the bond at this time.
One of the issues before the court is whether the Surety can be compelled to be a party to the arbitration by virtue of the fact that the contract entered into between Ledo, as owner, and the contractor provided for by reference a provision for arbitrating disputes between the signatories to the contract.
It is a well-established law that before compulsory arbitration can be had, an agreement to arbitrate must exist in clear and unambiguous language.
The Surety’s obligation is set forth in its bond. The reference in the bond to the contract relates to the Surety’s obligation in the event an action is brought upon the bond. The bond is the only instrument to which the Surety affixed its signature, and the bond is devoid of any express agreement to submit to arbitration.
The Surety here is not a signatory to the contract between Ledo, as owner, and Heyward-Robinson Company, Inc., as contractor. The bond, itself, does not provide for an arbitration. The law is clear that an agreement to arbitrate will not be extended by construction or implication. (See Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.], 306 N. Y. 288; Matter of Lehman v. Ostrovsky, 264 N. Y. 130; Fidelity & Cas. Co. of N. Y. v. Malan Constr. Corp., N. Y. L. J., Dec. 18, 1963, p. 10, col. 5, where the court held: ‘ ‘ The reference in the bond to the subcontract 1 as part hereof ’ did not impose upon petitioner an obligation to submit to arbitration. The arbitration clause in the subcontract is applicable only to disputes between the named parties therein. The terms and conditions of the subcontract were to be the test of proper performance upon which petitioner’s liability on the bond was made dependent, but it was not intended to impose upon petitioner the necessity of submitting its rights under the bond to arbitration.”)
The case of Matter of Level Export Corp. (Wolz, Aiken & Co., 305 N. Y. 82) relied upon by the respondent Ledo is not in point. That case involved the signatories to the contract itself and not a Surety.
Ledo further contends that this application is precluded by CPLR 7503, subd. (c). 7503, subd. (c) provides, in effect, that if a party served with a notice of intention to arbitrate containing the 10-day caveat does not make an application to stay arbitration within 10 days ‘ ‘ he shall thereafter be precluded *382 from objecting that a valid agreement was not made or has not been complied with ’ ’.
Subdivision (a) of the same section provides, in part, “A party aggrieved by the failure of another to arbitrate may apply for an order compelling arbitration. "Where there is no substantial question whether a valid agreement was made * * * the court shall direct the parties to arbitrate.” The question of a valid agreement to arbitrate is presented to the court under subdivision (a) where a motion is made to compel arbitration. In any event, the demand for arbitration at this time does not reveal any dispute between Ledo and the Surety. The dispute in question at this time is between Ledo and the contractor. A motion to vacate a demand for arbitration will be granted where the demand does not apprise the parties of the issues sought to be arbitrated.
The time limit set forth in CPLR 7503, subd. (c) is to be read in conjunction with subdivision (a) of the same section. See Matter of Hesslein & Co. v. Greenfield, 281 N. Y. 26, and Matter of Grand Cent. Theatre v. Moving Picture Mach. Operators Union, 69 N. Y. S. 2d 115, affd. 263 App. Div. 989.) It was held that the 10-day caveat did not preclude the court from determining whether a valid agreement to arbitrate was made.
The court, in accordance with the above, grants the respondent Surety’s motion to vacate the order of this court dated April 23, 1964 directing the respondent Surety to proceed to arbitration.
The application of the petitioner Ledo to compel the respondent Surety to proceed with arbitration is denied.