TORMOD LANGEMYR, Doing Business as TOM CARPENTRY CONSTRUCTION COMPANY, Appellant, *v.* PATRICK J. CAMPBELL, as President of Local Union No. 964, United Brotherhood of Carpenters and Joiners of America, AFL–CIO, Respondent.

Second Department, June 28, 1965.

*Molony & Schofield* (*Gerald E. Molony* of counsel), for appellant.

*Robert Silagi* for respondent.

CHRIST, J. The action is for a declaratory judgment that a certain paper signed by plaintiff as an employer and delivered to the defendant's union local does not constitute a contract between them. Plaintiff admits signing the paper, but he charges that by reason of certain conditions precedent it did not become a binding agreement. He further admits service upon him of the statutory notice of intention to arbitrate (CPLR 7503). He appeared before the arbitrator but no testimony was ever taken, nor did the arbitrator take his oath. It also appears that, pursuant to the agreement, plaintiff, in fact, had made contributions to the union fund in an amount exceeding $2,800 for the period from February through September, 1964.

The notice of intention to arbitrate was served upon plaintiff on August 11, 1964. In pertinent part it provided: "PLEASE TAKE FURTHER NOTICE that unless within ten days after the service of this notice upon you, you shall comply with § 7503 (c) of the Civil Practice Law and Rules and shall apply to stay said arbitration, you shall thereafter be precluded from objecting that a valid agreement was not made ". On August 25, 1964 plaintiff responded by serving a notice of motion, together with his own affidavit, to stay the arbitration. His affidavit asserted that there was "a contract between your deponent [Tormod Langemyr] and Local No. 964 ". When defendant's attorney appeared in court on the return day of that motion, after having served answering affidavits, he found that the motion had not actually been noticed and was not on the Motion Calendar, and that no one was present on plaintiff's behalf; defendant's attorney noted his appearance and considered the motion for a stay to have been abandoned. Plaintiff does not dispute his abandonment of the motion.

Apart from all other considerations, plaintiff is now barred from seeking a stay of the arbitration by CPLR 7503 which provides:

" (b) Application to stay arbitration. Subject to the provisions of subdivision (c), a party who has not participated in the arbitration and who has not made or been served with an application to compel arbitration, may apply to stay arbitration on the ground that a valid agreement was not made.

" (c) *Notice of intention to arbitrate.* A party may serve upon another party a notice of intention to arbitrate, specifying the agreement pursuant to which arbitration is sought * * * and stating that unless the party served applies to stay the arbitration within ten days after such service he shall thereafter be precluded from objecting that a valid agreement was not made * * *. An application to stay arbitration must be

made by the party served within ten days after service upon him of the notice or he shall be so precluded.''

The section itself is quite plain, but a practice commentary to the section makes the effect unmistakable: '' Proper service of a proper notice of intention to arbitrate will preclude the raising of the threshold questions [making of a valid agreement] except on an application to stay arbitration made within ten days after service thereof '' (McKinney's Cons. Laws of N. Y., Book 7B, CPLR, pp. 488–489).

Plaintiff's primary authority to the contrary is a Special Term case which calls the 10-day period a '' caveat '' and refuses to treat it as a preclusion to the raising of threshold questions (*Matter of Ledo Realty Corp.*, 43 Misc 2d 380 [Schenectady County]). That decision has been criticized in part as follows: '' The court's interpretation of the statute may render uncertain the finality of arbitration proceedings. If a party were allowed to raise pre-arbitration questions at any time after the ten-day period allowed by statute, the opposing party could never rely on the conclusiveness of an arbitration award granted him.  *  *  *  Moreover, the court's interpretation of CPLR 7503 (c) may tend to subvert the main advantage of arbitration — the speed with which an arbitration controversy can be concluded '' (39 St. John's L. Rev. 239 [1964], Biannual Survey of New York Practice).

*Matter of MVAIC (McCabe)* (19 A D 2d 349, 351–354) presented a different aspect of this problem. There, an order denying a stay of arbitration was affirmed, but not because of the 10-day preclusion language of CPLR 7503. The Appellate Division recognized and asserted its general power to grant a stay which was there sought pending the orderly conduct of an examination before trial. Nevertheless, the court felt that under the circumstances a stay was unjustified. The helpful dictum in Justice EAGER's opinion in that case clarified the issue; he properly pointed out that the statutory threshold questions were not there involved, but that if they had been the provisions of CPLR 7503 would have precluded the granting of a stay.

Here, the Special Term properly denied a stay and the arbitration should proceed. Since plaintiff was served with the notice of intention to arbitrate pursuant to CPLR 7503 (subd. [c]), and since he failed to seek a stay of the arbitration for the purpose of attacking the existence of the contract, as provided in CPLR 7503, he may not now seek such a stay in a declaratory judgment action.

However, Special Term should not have granted the **cross** motion to dismiss the complaint pursuant to CPLR 3211. **Prior**

to September 1, 1964 a complaint could be dismissed " on the ground that * * * 5. the cause of action may not be maintained because of arbitration ". Effective on that date, the rule (CPLR 3211) was amended to read " because of arbitration *and award* ". (Italics added.) The supplementary practice commentary to that section explains the amendment in this way: " The amendment adds ' and award ' after arbitration. Its purpose is to clarify that *the only basis for a 3211 dismissal relating to arbitration* is where there has already *been* arbitration and an award has been made in it." (McKinney's Cons. Laws of N. Y., Book 7B, CPLR, 1964 Supp., p. 44.) (Emphasis added.)

The order appealed from must be modified to the extent that the complaint should be allowed to stand. After " arbitration and award " the defendant, if so advised, may renew his motion to dismiss pursuant to CPLR 3211.

BELDOCK, P. J., UGHETTA, HILL and RABIN, JJ., concur.

Order modified on the law, without costs: (a) by striking out the second and third decretal paragraphs granting the defendant's cross motion to dismiss the complaint and directing the entry of judgment; and (b) by substituting therefor a paragraph denying said motion. As so modified, the order is affirmed, without costs.