J. Irwin Shapiro, J.
The third-party defendant Poly Construction Co., Inc. (Poly) applies for a stay of the prosecution of two third-party claims asserted against it in this action and for an order directing that said claims be determined by arbitration pursuant to the provisions of CPLR 7503.
One third-party complaint is by Herbert Fischbach, Marilyn Fishbach, Abraham Savedoff and Mary Save doff (Fischbach) and the other is that of Had-Ten Estates Corp. (Had-Ten).
Fischbach is the surety on a bond given by Had-Ten in connection with a co-operative apartment building that the latter was erecting in Queens County. In essence, the bond stated that if Had-Ten did not properly construct the building, it, as well as the surety, would pay the obligee on the bond a certain stipulated sum. Poly, the moving party here, is one of Ilad-Ten’s subcontractors. It did the masonry work on the job. Its contract with Had-Ten, dated October 14,1959, contained two clauses which are relevant in the consideration and disposition of its motion.
Paragraph 13th, so far as here material, provides: “ All disputes that may arise under this contract and in the performance of the work hereunder * * * shall be submitted to arbitration at the choice of either of the parties hereto. ’ ’
Paragraph 18th reads: “ It is hereby agreed that the provisions of this agreement shall be for the benefit of any sureties and/or indemnitors covering the general contract of the Contractor or Owner if any, and that said sureties and/or indemnitors shall have a direct right of action in the event of failure of performance of this contract.”
The third-party claim of Had-Ten against Poly is based squarely and exclusively upon the provisions of its subcontract with Poly. It seeks relief against Poly if it is held liable in damages for any defective masonry work.
*29 In opposing the motion of Poly for an order staying the prosecution of its third-party complaint and directing it to go to arbitration thereon, Had-Ten relies upon the case of Puritan Fabrics v. Charm Togs, Inc. (70 N. Y. S. 2d 453) in which in a similar situation Mr. Justice Walteb, held that where the plaintiff brought an action against a buyer for recovery of the price of goods and in the alternative for breach of warranty against its sellers and sellers filed a third-party claim against the sellers for breach of warranty, the third-party claim would not be stayed so that arbitration could be had under the arbitration agreement between the third-party defendant and the third-party plaintiff.
In Knolls Co-op. Section No. 1 v. Hennessy (3 Misc 2d 220), Mr. Justice Matthew M. Levy had the same question before him and, without citing the Puritan ease, came to a contrary conclusion, saying (pp. 222-223): “Having contracted to arbitrate their differences the present parties are bound thereby, and the court will enforce the agreement. I hold that a defendant in a pending lawsuit against him cannot — by interposing a third-party claim against another in that lawsuit — circumvent the force of the arbitration agreement between them — any more than he could do so by the institution of a traditional lawsuit against that other. [Citing case.] By becoming a third-party plaintiff (and not a plaintiff ab initio) the defendant cannot deprive the third-party defendant of the latter’s contractual rights.”
Upon the argument of this motion it was stated by the respective attorneys that there was no appellate case passing upon this question. They are in error. In Greene Steel & Wire Co. v. Hartmann & Co. (235 N. Y. S. 2d 238, 241, affd. 20 A D 2d 683, mot. for lv. to app. dsmd. 14 N Y 2d 688), the court, at Special Term, was confronted with a similar situation and there, referring to the Knolls case (supra) said: “A defendant in a pending lawsuit against him cannot, by interposing a third-party claim against another, circumvent the effect of an arbitration clause agreed to between them and deprive such other contracting party from obtaining the right to arbitrate where a controversy exists within the intended scope of the arbitration ’ ’.
In accordance with the views in the Greene case, although the affirmance by the Appellate Division was without opinion and would not necessarily, under ordinary circumstances, be an adoption of the lower court’s opinion, in this case the affirmance necessarily not only affirmed the result but also the opinion, because the principal question involved was whether the action should be stayed or go to arbitration. The affirmance in the *30 Greene case, therefore, requires the granting of Poly’s motion insofar as the third-party plaintiff Had-Ten is concerned.
The situation with respect to Fischbach is different. The latter is suing as a surety and guarantor. Poly’s subcontract provides that it is for the benefit of sureties and guarantors who are given “ a direct right of action in the event of failure of performance of this contract.” Fischbach argues that this ‘1 direct right of action ’ ’ provision permits it to maintain an independent lawsuit and that it is not bound by the arbitration agreement in the subcontract between Poly and its general contractor. However, that provision for a direct right of action may not be isolated or insulated from all of the other provisions in the contract nor from that part of paragraph “ thleteenth ” of the subcontract which provides that “ All disputes that may arise under this contract and in the performance of the work hereunder * * * shall be submitted to arbitration at the choice of either of the parties hereto ’ ’. While Fischbach is not one “of the parties hereto” its rights are premised on the contract and it therefore must accept the contract in whole and not in part. Fischbach asserts its third-party claim against Poly as a beneficiary or subrogee under the contract. As such, whatever rights they acquired by subrogation are weighted down with the rights and liabilities with which the general contractor Had-Ten would be burdened for they stand in its shoes. (83 C. J. S., Subrogation, 680, 681.)
Therefore, construing the contract as a whole, it would seem that what is meant by the “ direct right of action provision” is that Fischbach, as surety, is given the right to institute and mainain in its own name the kind of litigation authorized by the contract without the necessity of asserting the claim in the name of or by assignment from the general contractor Had-Ten.
In contending that as sureties they are not bound by the arbitration provision contained in the construction contract, Fischbach relies upon cases like Matter of Ledo Realty Corp. (43 Misc 2d 380) and Transamerica Ins. Co. v. Yonkers Contracting Co. (49 Misc 2d 512). In my opinion those cases are not in point. In the Ledo case the Continental Casualty Company, the surety, was being sued upon its bond which contained no reference to the arbitration clause in the principal contract. Understandably, therefore, since the surety was not suing on the contract, which did contain an arbitration clause, but was being sued upon its bond, which did not contain an arbitration clause, the court came to the conclusion that the surety could not be compelled to go to arbitration.
*31 In the Transamerica case the situation was similar. In that case the construction agreement contained an arbitration clause; the bond did not, although by reference it was incorporated in the bond. The court there said: “ The primary question here is whether a surety on a contract performance bond is obligated to arbitrate its liability thereunder because of the incorporation by reference in the bonding agreement of a subcontract between the surety’s principal and the obligee, containing an arbitration clause. * * * The surety here was not a party to the original arbitration clause contained in the subcontract. Nor did it evidence any intention thereafter to be included as a party to the said arbitration agreement, or to be bound thereby, merely by executing and signing the performance bond, which contained no provision for arbitration. The fact that the said surety bond incorporated by reference a copy of the subcontract cannot serve to alter the relationships of the original parties to the arbitration agreement or to add a party thereto and to bind an additional party thereby, which was neither envisioned nor bargained for by the terms of the subcontract or by the intentions of the signatories thereto. The reference to the subcontract in the bond establishes the limits of the surety’s obligation and aids in ascertaining the measure of performance required.” (pp. 512-514).
That case, too, is distinguishable for there, too, the surety was being sued upon its bond. It was not there, as the surety Fischbach is here, asserting claims as subrogee under the construction contract. Here Fischbach is not being sued upon its bond; rather it is suing by reason of its allegation that Poly has breached its contract by not performing its masonry work as required, and the contract, as has been noted, does contain an arbitration provision under which a determination is to be made whether or not the work was properly performed thereunder. In effect, what Fischbach as surety is seeking to do here is to recover against Poly for the latter’s breach of its contract. Seeking to do so it may not obtain the benefits of that contract without pursuing the remedy by which, under the terms of the contract, those benefits may be obtained. In other words, if it is going to rely upon the contract for its rights, it must accept all of the provisions of that contract, one of which is its remission to arbitration for any alleged breaches thereof by Poly.
Under the circumstances, and although the question is not free from doubt, I have concluded that Fischbach, as a claimant under the contract, is bound by its arbitration provisions. The motion of Poly is, therefore, in all respects granted.