■ SHERWOOD VILLAGE COOPERATIVE A, INC., Plaintiff, v. HAD-TEN ESTATES CORP. et al., Defendants. HERBERT FISCHBACH et al., Defendants and Third-Party Plaintiffs-Appellants v. CIRCLE FLOOR CO., INC., et al., Third-Party Defendants, and RACE CO., INC., et al., Third-Party Defendants-Respondents. SHERWOOD VILLAGE COOPERATIVE B, INC., Plaintiff, v. HAD-NINE ESTATES CORP. et al., Defendants. HERBERT FISCHBACH et al., Defendants and Third-Party Plaintiffs-Appellants v. CIRCLE FLOOR CO., INC., et al., Third-Party Defendants, and RACE CO., INC. et al. Third-Party Defendants-Respondents.— Four orders of the Supreme Court, Queens County, two made in one of the actions on March 28, 1967 and April 18, 1967, respectively, and two made in the other action on the same respective dates, modified, on the law, by (1) striking from each the names of third-party plaintiffs Fischbach and Savedoff as parties against whom the pertinent motion to direct arbitration and to stay the third-party actions is granted and (2) providing therein that such motion is denied as to said third-party plaintiffs and granted only as to the remaining third-

party plaintiff (Had-Ten Estates Corp. in the first entitled action and Had-Nine Estates Corp. in the second entitled action). As so modified, orders affirmed, with one bill of $50 costs and disbursements to appellants Fischbach and Savedoff against respondents jointly and with one bill of $50 costs and disbursements to respondents jointly against appellants Had-Ten Estates Corp. and Had-Nine Estates Corp. jointly. The findings of fact are affirmed. It is provided in the contracts to which the contractors and subcontractors were sole parties that "the provisions of this contract shall be for the benefit of any sureties * * * covering the general contract * * * and that said sureties * * * shall have a direct right of action in the event of failure of performance of this contract." The sureties are not relegated, therefore, to arbitration at the option of the subcontractors by reason of a clause limited in application to the parties to the contract, namely, the general contractors and the subcontractors. No one is under a duty to resort to arbitration unless by clear language he has so agreed (*Matter of Lehman* v. *Ostrovsky*, 264 N. Y. 130, 132). Brennan, Acting P. J., Rabin, Benjamin and Martuscello, JJ., concur; Munder, J., dissents and votes to affirm the orders, on the opinion of the Special Term. [53 Misc 2d 27.]