██ H. H. & F. E. BEAN, INC., Appellant, v TRAVELERS INDEMNITY COMPANY, Respondent. (Action No. 1.) H. H. & F. E. BEAN, INC., Respondent, v EDWARD L. NEZELEK, INC., et al., Appellants, et al., Defendants. (Action No. 2.)—Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff, H. H. & F. E. Bean, Inc., appeals from that part of an order of Supreme Court, Special Term, Onondaga County, which denied its motion for partial summary judgment against defendant Travelers Indemnity Company in Action No. 1. Defendants Travelers Indemnity Company and Edward L. Nezelek, Inc., appeal that part of the order which denied their motion to impose sanctions upon the plaintiff in Action No. 2 for failure to answer interrogatories; ordered arbitration of all the issues among all the parties in the consolidated actions; and ordered that the consolidated actions and all proceedings therein be stayed until arbitration has been had. No appeal is taken from that portion of the order which directed that the two actions be consolidated. Edward L. Nezelek, Inc., held the general contract to perform all of the work required for the construction of Crouse-Irving Memorial Hospital.

Bean subcontracted to furnish labor and materials for the heating, air conditioning and ventilating work for the construction as a part of the prime contract. Nezelek furnished and delivered to the hospital a labor and material payment bond in which Nezelek was the principal and Travelers was surety. By the terms of this bond Travelers became surety for payment to all subcontractors for all moneys due from Nezelek for labor, materials, services and equipment furnished and performed under the contract between Nezelek and the owner. When differences arose between Bean and Nezelek, Bean filed a mechanic's lien against the property and the lien was bonded by Nezelek as principal and Travelers as surety. In these actions, Bean seeks (in Action No. 1) to recover on the payment bond and (in Action No. 2) to foreclose its lien. Travelers alleges as a defense that the plaintiff failed to perform its contract with Nezelek in several respects and asserts as a defense to the foreclosure action that plaintiff willfully exaggerated the amount of its lien, that it failed to discharge various liens filed against the property and that defendant Nezelek was therefore required to bond those liens at its own expense; that plaintiff has refused to perform its obligations under the contract and as a result Nezelek was required to expend moneys to complete the work which rightfully was the obligation of plaintiff. Plaintiff moved for partial summary judgment in Action No. 1 for contract moneys owing to it. In opposition Travelers alleged that because of various setoffs that Nezelek has or may have against the plaintiff, and rights that Nezelek may have under law against the plaintiff there may be no obligation by Nezelek to the plaintiff and therefore no obligation on which the defendant Travelers would have to respond as surety. Special Term correctly denied the motion for partial summary judgment. When a guarantor is sued alone, it may not urge as a defense an independent cause of action in favor of its principal against the plaintiff. However, this does not preclude a defense with respect to the transactions in suit between the plaintiff and the defendant's principal as to the amount due thereon *(Allen Inds. v Exquisite Form Brassiere,* 31 Misc 2d 673, affd 15 AD2d 760). A guarantor should be liable for no more than his principal where there is a partial failure of consideration. Where the consideration fails either partially or entirely, neither the principal nor the guarantor is accountable for anything which has not been received. *(Walcutt v Clevite Corp.,* 13 NY2d 48.)* The allegations contained in the answer of Travelers in Action No. 1, properly available to it, raise questions of fact which are not amenable to summary judgment. Special Term erred, however, in staying all proceedings in the consolidated actions and ordering arbitration of all issues among all parties to the consolidated actions. While it might have directed arbitration between plaintiff and defendant Nezelek by virtue of the contract between these parties (assuming the contract between Nezelek and the owner contained an arbitration clause), it was improper to direct defendant Travelers to participate in arbitration when it had not agreed to do so. "No one is under a duty to resort to arbitration unless by clear language he has so agreed." *(Matter of Lehman v Ostrovsky,* 264 NY 130, 132; *Sherwood Vil. Co-op. v Had-Ten Estates Corp.,* 29 AD2d 771.) An agreement to arbitrate must be express, direct and unequivocal. Anything less will lead to a denial of arbitration. *(Matter of Acting Supt. of Schools of Liverpool Cent. School Dist., [United Liverpool Faculty Assn.],* 42 NY2d 509.) In its written memorandum, Special Term declined to grant the motion to preclude "since interrogatories are not favored in arbitration proceedings." In the light of our conclusion that the order of arbitration was improper, defendants may

renew the motion to preclude at Special Term if they so choose. (Appeal from order of Onondaga Supreme Court—summary judgment.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.