*979 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Especially since here the maker and the payee were already deceased at the time of the trial (see Schechter v Klanfer, 28 NY2d 228), on the record made here whether the notes were signed by Conrad Olson, whether he received consideration for their execution and delivery, and whether they had been paid were questions of fact.
So too was it for the Judge at nisi prius, as the trier of the facts in this non jury case, to decide what weight, if any, was to be accorded to the opinion expressed by plaintiff’s handwriting expert (see, generally, Matter of Sylvestri, 44 NY2d 260, 266; Richardson, Evidence, § 367). Although he received it in evidence, he was not bound to credit it. In deciding whether to do so or not, it would be unrealistic to expect that, as a fact finder, he would not be influenced in the exercise of his judgment by the general experience and education that in the course of his life had shaped him as a person. In the case of a Trial Judge that will almost always have included impressions that he had garnered in the course of presiding over trials. It goes without saying that does not mean that personal knowledge of a probative fact under consideration may be used to decide a case. But the reference by the trial court to expert opinions to which the Judge had been exposed in the past need not be taken as more than a candid unveiling of some of the inner thoughts that, perhaps unavoidably, ran through his mind as he pondered the factual questions he had to determine. It does not compel the conclusion that it was a declaration that he was applying an erroneous legal standard. This view is reinforced by the very language in which, in weighing the handwriting evidence, in the end he goes no further than to talk of “difficulty” on this score and then proceeds with an analysis based on the assumption that the handwriting testimony had sufficed to make out a prima facie case. (See, generally, 9 Wigmore, Evidence [3d ed], § 2570.)
In any event, the Trial Judge’s factual determinations having successfully survived scrutiny by the Appellate Di *980 vision, empowered as that court is to pass on the facts as well as the law, they now are beyond our review (CPLR 5501, subd [b]).