■ CITIBANK, N.A., Appellant, v MONICA W. FURLONG, Respondent, et al., Defendant. — Order of the Supreme Court, New York County, entered April 25, 1980 which denied plaintiff's motion for summary judgment against defendant Furlong, unanimously reversed, on the law, without costs, and

the motion granted. Examination of defendant Furlong's papers discloses that she does not deny executing the two promissory notes in question and making a payment on one of them, or dispute that the notes are in default and unpaid. Accordingly, plaintiff has established a prima facie case for summary judgment against said defendant *(Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, affd 29 NY2d 617; *Hogan & Co. v Saturn Mgt.,* 78 AD2d 837). Her vague allegations of wrongdoing by the codefendant corporation and third-party defendants do not give rise to a defense against plaintiff *(Russell v Freer,* 56 NY2d 67, 70-71). Such allegations do not support defendant Furlong's request for disclosure pursuant to CPLR 3212 (subd [f]). Defendant's affidavit does not indicate that "facts essential to justify opposition [to the motion] may exist". As such, the affidavit fails to comply with the requirements of that section. Defendant Furlong's bald assertion that plaintiff's agents may have helped the codefendant and third-party defendants perpetrate a fraud upon her is speculative and insufficient. CPLR 3212 (subd [f]) should not be employed as a means of embarking upon a "fishing expedition" (see *Auerbach v Bennett,* 47 NY2d 619, 636) to explore the "possibility" of fashioning a defense against plaintiff. Concur — Birns, J. P., Sullivan, Markewich, Bloom and Fein, JJ.