■ MARVIN GETLAN, Respondent, v JOSEPHTHAL & Co., INC., Appellant. — Appeal by defendant from an order of the Supreme Court, Nassau County (Becker, J.), dated April 26, 1982, which denied its motion for an order staying the instant action and compelling arbitration on the ground that it and the plaintiff were parties to a written agreement to arbitrate any disputes arising between them. Order affirmed, with $50 costs and disbursements. While we agree with Special Term that a valid agreement to arbitrate cannot be found in

the case at bar, we note that the order appealed from is susceptible to the interpretation that before a valid agreement to arbitrate could be found to exist, there must have been returned to the defendant an executed copy of the customer's agreement, which document was subsequently incorporated by reference into the options agreement signed by plaintiff. However, it is well settled that although an agreement to arbitrate, whether it be "to submit a present controversy or to be bound to submit a future one", must be in the form of a writing (Siegel, New York Practice, § 588, p 834) which must directly and unequivocally set forth the intention of the parties to submit their disputes to arbitration (see *Matter of Marlene Inds. Corp. [Carnac Textiles]*, 45 NY2d 327, 333; *H.H. & F.E. Bean, Inc. v Travelers Ind. Co.*, 67 AD2d 1102, 1103), there is no requirement that an agreement to arbitrate future disputes be signed (see *Crawford v Merrill Lynch, Pierce, Fenner & Smith*, 35 NY2d 291, 299; CPLR 7501) "so long as there is other proof that the parties actually agreed on [arbitration]" (*Matter of Helen Whiting, Inc. [Trojan Textile Corp.]*, 307 NY 360, 368). Under the circumstances of the case at bar, it cannot be said that a valid agreement to arbitrate became effective when plaintiff signed the "Customer Options Information and Agreement Form" incorporating by reference the "terms and conditions" of a separate "Customer's Agreement" form, which latter document contained a clause mandating arbitration as the method by which any controversy between the defendant broker and plaintiff customer should be resolved. The fact that the parties were not commonly engaged in a like industry, combined with defendant's acknowledged failure to have a returned signed copy of its customer's agreement in its records should have put it on notice that its customer may not have received or perused a copy of that writing (which was not affixed to the options agreement at the time it was executed), particularly in view of the fact that both the customer's agreement and the defendant's computer account index card were in the name of a party named "Marvin Gettman", rather than that of the plaintiff Marvin Getlan. Damiani, J. P., Gibbons, Niehoff and Boyers, JJ., concur.