■ RUTH MEDVEJER et al., Respondents-Appellants, v MYLES M. KATZ, Appellant-Respondent.—In a medical malpractice action to recover damages for personal injuries, etc., in which the defendant was found, after a jury trial, liable for damages resulting from his failure to obtain an informed consent from the female plaintiff prior to performing a myelogram, but not

liable for any malpractice in performing the myelogram, (1) the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Bambrick, J.), dated July 17, 1986, as granted the plaintiffs' motion pursuant to CPLR 4404 (a) and ordered a new trial with respect to the amount of damages resulting from defendant's failure to obtain an informed consent unless the defendant stipulated to an increase in the amount of damages awarded from the sum of $1,000 to the sum of $23,000, and (2) the plaintiffs cross-appeal from so much of the same order as denied their motion, pursuant to CPLR 4404 (a) for a new trial on the issue of the defendant's liability for malpractice in performing the myelogram.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The jury's verdict that the defendant did not depart from accepted standards of neurological practice in performing the myelogram was based on a reasonable view of the evidence and an appropriate resolution of the conflicting expert testimony. Accordingly, the plaintiffs' motion to set aside the jury's verdict on the issue was properly denied by the trial court (see, Taype v City of New York, 82 AD2d 648, lv denied 55 NY2d 608; Felt v Olson, 51 NY2d 977).

Moreover, our review of the record indicates that the damages awarded by the jury for the injuries caused by the defendant's failure to obtain the plaintiffs' informed consent were inadequate to the extent indicated by the trial court. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.