**MIDWEST CORP., Plaintiff,**

v.

**GLOBAL CABLE, INC. and Michael D. Brown, Defendants.**

No. 87 CIV. 3896 (SWK).

United States District Court, S.D. New York.

May 9, 1988.

Fisher and Fisher, Brooklyn, N.Y. by Kenneth K. Fisher, for plaintiff.

T. Kevin Murtha, Corona, N.Y., for defendants.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Plaintiff filed this action seeking to collect on a promissory note and a guaranty on that note pursuant to this Court's diversity jurisdiction. Plaintiff, a West Virginia corporation, claims that defendant Global Cable, Inc. ("Global Cable"), a New York corporation, executed and delivered a promissory note on which it has now defaulted. Plaintiff also claims that defendant Michael Brown ("Brown") executed and delivered a guaranty on the note and has refused to honor it despite Global Cable's default.

Presently before this Court is plaintiff's motion made pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike defendant Brown's defenses which assert that the waiver of defenses clause in the guaranty is invalid and unenforceable and plaintiff's motion for summary judgment made pursuant to Rule 56. Plaintiff argues that defendants' defenses are contrary to existing law and that summary judgment is appropriate since material facts are not in issue and since plaintiff is entitled to judgment on the promissory note and guaranty as a matter of law.

Defendant responds that the waiver of defenses clause in the guaranty does not waive as a matter of law the defenses of fraud in the inducement, breach of contract and failure of consideration.

## BACKGROUND

Defendants state in their Memorandum of Law that defendant Global Cable had purchased supplies and equipment from 1981 until 1986 from a firm known as CWY. During this time period, the owner and principal of CWY was Bill Whitely. In his affidavit, defendant Brown states that at some time prior to October 1, 1986 plaintiff acquired CWY, defendant's supplier. Affidavit of Michael Brown ("Brown Affidavit"), at ¶ 8. It is undisputed that on October 1, 1986 Global Cable executed and delivered a note payable to plaintiff or order in the principal sum of $199,303.59, with $18,118.48 of interest to be accrued at a rate of 10% per annum from October 1, 1986 through September 15, 1987. Payments were to be made in the amount of $8,304.30 at the time the note was delivered and again on October 1, 1986. Similar payments were due on the first and fifteenth day of each month until September 15th, at which time all unpaid principal and interest were to be due. Affidavit of Kenneth Fisher ("Fisher Affidavit"), at ¶¶ 2, 4; Brown Affidavit at ¶ 3. It is also undisputed that on or about October 1, 1986, Brown executed and delivered a personal guaranty entitled "Individual Guaranty and Indemnity" in favor of Midwest to guarantee the note.

Defendant contends that defendants executed the note and guaranty in favor of plaintiff because Bill Whitely, acting as agent of plaintiff, represented to defendant Brown that CWY would face financial hardship and embarrassment if the note and guaranty were not executed. Brown Affidavit at ¶ 6. Brown states he did not receive any compensation for providing the guaranty. *Id.* at ¶ 7, even though the guaranty itself states that it was executed "for valuable consideration", *see* Complaint and exhibits thereto. Defendants claim that the consideration for the note and

guaranty were supplies which Whitley had caused Brown to believe had been ordered from plaintiff and which were delivered to an agent of Global Cable. Brown Affidavit at ¶ 9. Plaintiff claims the instruments were given in consideration of past debts then due. Fisher Reply Affidavit at ¶ 7. Brown states that in the spring of 1987 he discovered that a substantial percentage of the goods which he believed ordered were not in fact in Global Cable's possession, that commercial documents relating to the orders were not in Global Cable's possession and that other goods delivered by CWY were unusable in Global's business. *Id.* at ¶ 11. Brown claims to have discussed this matter with Whitely who allegedly agreed to provide the missing documents and offered to repurchase the unusable materials delivered to Global. *Id.* at ¶ 14. According to Brown, the documents were not received and the offer to purchase was never realized. *Id.*

Defendant Global Cable paid to Midwest $8,304.30 on October 1, 1986, $16,608.60 on November 11, 1986, $3,500 on January 8, 1987, $7,500 on January 27, 1987 and $5,000 on June 13, 1987. Brown Affidavit at ¶ 4; Affidavit of Harold Elswick ("Elswick Affidavit"), at ¶ 4. On February 17, 1987 defendant wrote plaintiff stating that it acknowledged its deficiency and obligations pursuant to the note. Fisher Affidavit at ¶ 9; Exhibit "Letter" to Notice of Motion. Plaintiff wrote defendants on April 29, 1987 demanding payment due under the note. Plaintiff claims that approximately $150,000 was due under the note as of September 30, 1987 in interest and principal. Elswick Affidavit at ¶ 6. Plaintiff asserts, and defendant does not deny, that Brown has not made any payments under the guaranty. Fisher Affidavit at ¶ 12.

By letter dated February 12, 1988, defendant advised the Court that Global Cable had filed for bankruptcy pursuant to Chapter 7 of the United States Bankruptcy Code on December 18, 1987. Accordingly, the action is stayed against defendant Global Cable pursuant to 11 U.S.C.

§ 362(a)(1). The Court will consider, however, plaintiff's motion against defendant Brown.

## DISCUSSION

### The Defenses

Defendant argues that the waiver of defenses clause in the guaranty executed by Brown, which states that "fictitious, incorrectness, invalidity or unenforceability for any reason, of any instrument or writing, or acts of commission or omission by Holder [of the note] or Maker [identified as Global Cable or its assignees];" is void as against public policy since it would require defendant Brown to pay plaintiff even if plaintiff's own acts or omissions render the instrument invalid as against plaintiff. Defendant argues that since the guaranty is a contract separate from the underlying contract, Brown may raise the defenses of fraud, breach and lack of consideration notwithstanding the waiver clause. Since this action is based on diversity and since the parties agree that the note is governed by the law of New York, such law will be applied. The terms of the Note are to be governed by the laws of West Virginia.[1]

As a general rule, a guarantor cannot be held liable for a guaranteed debt unless the principal debtor is liable on the principal obligation and has defaulted. *Pro–Specialties v. Thomas Funding Corp.*, 812 F.2d 797, 799 (2d Cir.1987) (guarantor cannot be held liable at the same time that principal held not liable). The obligations of a guarantor are collateral or secondary to those of the principal obligor. *Id.* While the traditional rule holds that a guarantor may not assert as a defense independent causes of action belonging to the principal obligor, such as fraud, *Walcutt v. Clevite Corp.*, 13 N.Y.2d 48, 56, 241 N.Y. S.2d 834, 838, 191 N.E.2d 894, 897 (1963), more recent decisions have stated that a guarantor may assert any defense that would be available to the principal obligor, *see Durable Group, Inc. v. De Benedetto*, 85 A.D.2d 524, 444 N.Y.S.2d 662, 663 (1st Dept.1981) (noting that allegations by guar-

---

**1.** The Court further notes that the note and guaranty were executed and delivered in New York and that defendants conduct their business in New York.

antor of economic duress and coercion go to the essence of the agreement). In any event, when the guarantor and the principal obligor are so close as to be considered one and the same, the guarantor may assert the defenses of the principal. *Walcutt, supra,* 241 N.Y.S.2d at 838, 191 N.E. 2d at 897.[2]

### 1. *Fraudulent Inducement*

█ Defendant's argument that the fraudulent inducement defense is viable fails, however. In New York, a creditor generally "can not recover from a guarantor where the creditor has practiced any fraud to induce the guarantor to assume the obligation of guaranty." *General Motors Acceptance Corp. v. Kalkstein,* 101 A.D.2d 102, 474 N.Y.S.2d 493, 495 (1st Dept.1984). In the present case, Brown asserts that Whitely, plaintiff's agent, induced him into signing the guaranty by falsely representing that certain goods had been shipped and received by Global Cable. When the guarantor has specifically disclaimed certain defenses, however, the New York Court of Appeals has determined that the guarantor may not assert fraud in the inducement as a defense. *Citibank, N.A. v. Plapinger,* 66 N.Y.2d 90, 495 N.Y.S.2d 309, 485 N.E.2d 974 (1985).

While lower New York courts have admonished that a waiver of defense clause must be specific, *see GTE Automatic Electric v. Martins, Inc.,* 127 A.D.2d 545, 512 N.Y.S.2d 107, 108 (1st Dept.1982), the *Citibank* court held that the defense of fraudulent inducement would not be available even though the waiver did not specifically state that the guarantor had not relied on the oral agreement which the guarantor claimed was the fraudulent inducement. Instead, since the guarantor had stated that the guaranty was "absolute and unconditional" and was "irrespective of (i) any lack of validity ... of the ... [underlying loan agreement]", the waiver was sufficient and binding. *Citibank, supra,* 495 N.Y.S.2d at 312, 485 N.E.2d at 977. This Court recently applied this rule and noted

that the "personal unconditional guarantees of corporate officers given in return for corporate funding are not subject to the defense of fraud in the inducement, lest the defense provide an inducement to fraud." *Azuma N.V. v. Sinks,* 646 F.Supp. 122, 127 (S.D.N.Y.1986). Given the waiver in Brown's guarantee, he cannot now assert that plaintiff's agent fraudulently induced him by making oral representations that goods had been shipped and received. Consequently, Brown's defense of fraud in the inducement fails and plaintiff's motion to strike this defense is granted.

### 2. *Breach of Contract*

█ For the same reasons as stated above, defendant's breach of contract defense is unavailing. Brown's guaranty states that it is absolute and unconditional notwithstanding "interruptions in the business relations between Holder and Maker." This waiver is sufficient to prohibit Brown from asserting as a defense that plaintiff in some way breached a contract with Global Cable.

### 3. *Failure of Consideration*

█ Brown's "failure of consideration" defense, however, has merit. In *Walcutt, supra,* the Court of Appeals determined that a guarantor may always raise failure of consideration as a defense by showing that the creditor totally or partially failed to perform his obligations to the principal. 13 N.Y.2d at 56, 241 N.Y.S.2d at 838, 191 N.E.2d at 897; *see also European American Bank & Trust Co. v. Boyd,* 131 A.D.2d 629, 516 N.Y.S.2d 714, 715 (2d Dept.1987) (defenses of failure of consideration not dismissed). This rule follows from the notion that the guarantor cannot be liable for an amount greater than that for which the principal is liable. *Walcutt, supra,* 241 N.Y.S.2d at 838, 191 N.E.2d at 897; *H.H. & F.E. Bean, Inc. v. Travelers Indemnity Co.,* 67 A.D.2d 1102, 415 N.Y.S.2d 144, 145 (4th Dept.1979).

Additionally, defendant points out that section 3–306(c) and section 3–408 of the Uniform Commercial Code, adopted by both

---

**2.** From the facts as presented, it is possible that Brown and Global Cable are close enough to share identical interests. The Court need not reach this question, however, for the reasons stated below.

New York and West Virginia, states that a person who is not a holder in due course takes any instrument subject to want or failure of consideration. New York Uniform Commercial Code § 3–306(c) and § 3–415 (McKinney's 1972); West Virginia Code, § 46–3–306(c) and § 46–3–408 (Michie 1966) (referred to herein as "U.C.C."). Plaintiff does not claim to be a holder in due course, nor does the record suggest that plaintiff is since plaintiff is the original holder of the note in question. For these reasons, Brown's defense of failure of consideration is viable and plaintiff's motion to strike it is denied.

### Summary Judgment

■ Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c). In testing whether the movant has met this burden, the Court must resolve all ambiguities against the movant. *Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1187 (2d Cir.1987) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The movant may discharge this burden by demonstrating to the Court that there is an absence of evidence to support the non-moving party's case on which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The non-moving party then has the burden of coming forward with "specific facts showing that there is a genuine issue for trial." Rule 56(e). To avoid summary judgment, the non-moving party must establish the existence of enough evidence such that a jury could return a verdict in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248–50, 106 S.Ct. 2505, 2510–

11, 91 L.Ed.2d 202 (1986) (interpreting the "genuineness" requirement).

Plaintiff has met its initial burden of establishing the existence of consideration by producing the note which states "for value received" and the guaranty which states "for valuable consideration", and by establishing the defendants' default. *Citibank, N.A. v. Furlong*, 81 A.D.2d 803, 439 N.Y.S.2d 130, 131 (1st Dept.1981). Defendant then has the burden to establish the failure of consideration as a defense. *See Felt v. Olson*, 74 A.D.2d 722, 425 N.Y.S.2d 686, 687 (4th Dept.), *aff'd*, 51 N.Y.2d 977, 435 N.Y.S.2d 708, 416 N.E.2d 1043 (1980); *see also* Uniform Commercial Code, § 3–307(2).

The note does not mention the nature of the consideration given and does not mention any goods, but instead merely states that it was given "for value received". Brown claims that the consideration for the note which he guaranteed was the shipment and receipt of goods from CWY, a company allegedly owned by plaintiff, and that these goods were never received. Brown states that "the Note and guaranty were Global's consideration for supplies Bill Whitley caused me to believe had been ordered from plaintiff's subsidiary and which were delivered to the care and custody of Global's agent, Ed Pask in Milwalkee, Wisconsin." Brown Aff. at ¶ 9. He then states that it was not until the following spring that he discovered the goods were not in Global's possession, that documentation concerning delivery was missing and that other goods which had been delivered were unusable by Global. *Id.* at ¶ 10. Beyond his affidavit, defendant does not provide any evidence to substantiate this claim. Brown states that he requested documentation from plaintiff regarding the shipment of the goods, but that none were ever given.[3]

Plaintiff states that defendant acknowledged receipt of the consideration in the note, apparently through the phrase "for value received". Moreover, plaintiff states in rebuttal that the consideration for the

---

**3.** Defendant does not state that plaintiff failed to produce discovery; instead, it appears that de-

fendant made the request prior to the litigation.

note and guaranty was not new orders placed by defendant, but was instead given to satisfy balances past due. Fisher Affidavit in Reply, ¶ 7. Plaintiff notes, *id.* at ¶ 6, and this Court agrees, that defendant never states that plaintiff did not send the goods, but merely states that when he eventually checked, the goods were not present. Such a statement could suggest that plaintiff did not send the goods, but could equally suggest that the goods were received and used or lost. The statement could also support plaintiff's sworn assertion that the note and guaranty were given to secure a past obligation. To the extent the note and guaranty were given for a past obligation, new consideration is not required. U.C.C., § 3-408.

In light of the ambiguity as to the nature of the consideration and questions as to whether it was ever given convince this Court that genuine issues of material fact are present and that summary judgment is inappropriate. Defendant will have the opportunity to establish at trial his defense of lack of consideration. Plaintiff's motion to strike the other defenses is granted.

SO ORDERED.