■ TODTMAN, YOUNG, TUNICK, NACHAMIE, HENDLER, SPIZZ & DROGIN, P. C. v RICHARDSON. [672 NYS2d 87] —Plaintiff's motion granted to the extent that the case is remanded to arbitration, defendants' attorneys directed to pay $2,000 as sanctions to the Lawyers' Fund for Client Protection, and the Clerk of the Supreme Court, New York County, is directed to enter judgment in the amount of $2,000 in accordance with 22 NYCRR 130-1.3, said amount to be paid forthwith.

On July 10, 1997, we reversed the dismissal of this action for attorneys' fees on the ground of lack of subject matter jurisdiction and reinstated the complaint. (231 AD2d 1.) The motion to dismiss was made after the parties, on January 25, 1995, had agreed, on the record, to arbitrate their dispute and had agreed to the selection of then Dean Frank J. Macchiarola as arbitrator. Although the complaint has been reinstated and leave to the Court of Appeals and a stay have since been denied, the union refuses to proceed with the arbitration, now taking the position that since the agreement to arbitrate was never reduced to writing, there is no enforceable agreement to arbitrate. The union also attempts to justify its refusal to arbitrate by the fact that our order did not expressly remand the matter to arbitration.

The arbitration, to which the union consented, was interrupted only after the union raised the issue of lack of subject matter jurisdiction and moved to dismiss the complaint on that ground. Now that we have determined that question against the union, there is no obstacle to arbitration. The suggestion

that the IAS Court's statement, accompanied by a citation to CPLR 7501, that the agreement to arbitrate was not reduced to writing renders the agreement ineffective is totally devoid of merit. While the principle that an agreement to arbitrate must be in writing is well-settled (*see, e.g., Getlan v Josephthal & Co.,* 91 AD2d 971), this case involves not an agreement but a stipulation made in open court and duly recorded. (*See,* CPLR 2104.) Similarly meritless is the contention that the union's refusal to participate in the arbitration is justified by the absence of a direction in our order remanding the matter to arbitration, since it is clear from the result that arbitration is the next procedural step and defendant does not, other than as noted, challenge the validity of the agreement. Since the union's refusal to proceed with the arbitration in the absence of a court order is "completely without merit in law" or fact (22 NYCRR 130-1.1 [c] [1] and is clearly "undertaken primarily to delay or prolong the resolution of the litigation" (22 NYCRR 130-1.1 [c] [2]), sanctions in the amount of $2,000 are amply justified. Concur—Sullivan, J. P., Ellerin, Tom and Andrias, JJ.