■ DIMITRY MARKOV, Appellant, v SPECTRUM GROUP INTERNATIONAL INC., et al. Respondents. [25 NYS3d 133]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about January 21, 2015, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for a default judgment against all the corporate defendants, and granted defendants' cross motion for summary judgment dismissing plaintiff's cause of action for conversion, and dismissing all other claims against all defendants except Stack's LLC, and awarded defendants Karstedt and Yegparian sanctions in the amount of $2,500 each, to be paid by plaintiff and his counsel, unanimously affirmed, without costs.

The motion court correctly found that plaintiff's rejection of defendants' answer was improper, that the verification provided by defendant Yegparian was sufficient, and that there was no requirement that, in addition to that verification, each corporate defendant verify the answer (CPLR 3020 [d]). In any event, plaintiff's motion for a default judgment was defective, as there was no proof that the amended complaint had ever been served.

Summary judgment was properly granted to all corporate defendants except Stack's LLC, because there was no evidence that any of those corporations owned, managed, or was in any way involved in the auction run by Stack's LLC in 2008. Plaintiff's invocation of CPLR 3212 (f) is unavailing, because that provision may not be used as a means to embark upon a "fishing expedition" to explore the possibility of fashioning a viable cause of action against the corporate defendants (*see Citibank, N.A. v Furlong*, 81 AD2d 803, 804 [1st Dept 1981] [internal quotations marks omitted]).

The motion court correctly dismissed plaintiff's claim for conversion, because plaintiff failed to point to a specific sum of money that was subject to a future obligation (*see Manufacturers Hanover Trust Co. v Chemical Bank*, 160 AD2d 113, 124-125 [1st Dept 1990], *lv denied* 77 NY2d 803 [1991]). Instead, the conversion claim was predicated on a mere breach of contract, which is insufficient (*Kopel v Bandwidth Tech. Corp.*, 56 AD3d 320, 320 [1st Dept 2008]).

Plaintiff failed to state any viable cause of action against defendants Karstedt and Yegparian, who were mere employees of Stack's LLC. Under the circumstances, the motion court providently exercised its discretion in awarding sanctions to those defendants (*see* 22 NYCRR 130-1.1 [c] [1]; *see also Levy v Carol Mgt. Corp.*, 260 AD2d 27, 33-34 [1st Dept 1999]). Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.