CONKLIN LIMESTONE Co., INC., Appellant, *v.* B. A. LINDEN, Respondent.

Third Department, November 2, 1964.

*Walter W. Davis* for appellant.

*Samuel M. Hesson* for respondent.

TAYLOR, J. The primary question presented by this appeal is whether or not plaintiff, a foreign corporation, concededly

not having qualified to do business here may maintain an action to recover for goods sold and delivered to defendant between March 20, 1960 and September 8, 1960. (General Corporation Law, §§ 210, 218.)

Finding that the action was barred by statute the County Court of Columbia County dismissed the complaint. From the resultant judgment plaintiff appeals. A protective appeal is also taken from the order denying its motion for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice.

The facts are not in dispute. Plaintiff, a Connecticut corporation, has been engaged for some years in the business of crushing limestone for agricultural use at its plant located in Canaan in that State. Some part of the output is packaged in bags and sold to retail dealers. The major portion, however, is sold in bulk and transported in vehicles equipped with a spreading device by means of which trained corporate employees apply the ground limestone in measured quantities directly to the farmlands of purchasers for fertilization purposes. In 1960 plaintiff received 351 orders directly from customers residing in New York State or from retail dealers engaged in business therein in response to which it delivered within this State 7,500 tons of the lime which represented about 30% of its total sales. Gross income approximating $60,000 derived from such corporate activities. It appears that between 1957 and 1960 plaintiff under a contract with the Columbia County Soil Conservation Committee agreed to participate in the furnishing of conservation materials and services to farmers for use in carrying out a Federal conservation program. Although appellant employed no salesmen, an officer of the corporation occasionally examined a regional farm, at its owner's request, to determine the spreadability of the bulk lime. It maintained no office here. Upon appeal plaintiff does not contest the trial court's finding that the contract sued on was made in New York.

Whether the local activities engaged in by an unauthorized corporation sufficiently make out the transaction of business in this State within the meaning of the statute must be determined on the particular facts of each case. (*Sterling Novelty Corp.* v. *Frank & Hirsch Distr. Co.,* 299 N. Y. 208, 210.) A showing of business conduct, regular and continuous, is essential to bring a foreign corporate plaintiff within its operative provisions. (*Penn Collieries Co.* v. *McKeever,* 183 N. Y. 98, 103; *International Fuel & Oil Corp.* v. *Donner Steel Co.,* 242 N. Y. 224, 230.)

Applying this test to the present record we find ample evidence to support the conclusion of the court below that plaintiff was, within the purview of the statute, doing business in this State.

Appellant's position that the interstate features of its transactions with defendant brought it within the protection of the commerce clause of the Federal Constitution is untenable. The spreading of the lime over extensive farm acreage from especially equipped motor vehicles was strictly a local activity exclusively within the State's regulatory statute. (*Browning* v. *Waycross*, 233 U. S. 16.)

The judgment appealed from should be affirmed, with costs, and the appeal from the order of denial should be dismissed as moot.

GIBSON, P. J., HERLIHY, REYNOLDS and HAMM, JJ., concur.

Judgment affirmed, with costs, and appeal from the order of denial dismissed as moot.