COLONIAL MORTGAGE COMPANY, Appellant, v FIRST FEDERAL SAV-

INGS AND LOAN ASSOCIATION OF ROCHESTER, Respondent.—Judgment unanimously reversed, on the law and facts, with costs, and motion denied. Memorandum: The sole issue presented on this appeal is whether plaintiff, Colonial Mortgage Company (Colonial), was "doing business in this state without authority" so as to be barred by section 1312 of the Business Corporation Law from maintaining an action in New York. This lawsuit arises from a June, 1973 contract between Colonial and defendant, First Federal Savings and Loan Association of Rochester (First Federal) under which First Federal agreed to purchase $4,000,000 of Government National Mortgage Association backed certificates secured by single-family FHA-VA mortgages from Colonial. This action was brought as the result of a dispute concerning whether a $40,000 commitment fee delivered by Colonial to First Federal was refundable to plaintiff Colonial upon delivery of the certificates. The trial court dismissed plaintiff's complaint, finding that Colonial lacks capacity under section 1312 of the Business Corporation Law to bring suit in New York. We disagree. The evidence at trial disclosed that Colonial is not doing business in New York. It does not maintain a bank account, own real property, maintain an inventory of securities, or an office for the purpose of transacting business, a telephone listing, advertise for the sale of securities or employ any New York resident. Selma Wallace Associates, located in Brooklyn, New York, served as Colonial's middleman or "bird dog" in the instant transaction. It was paid a fee for its services, but did not act exclusively on Colonial's behalf, and it hired its own employee. Such activities by Colonial do not constitute "doing business in this state" within the contemplation of section 1312 of the Business Corporation Law *(Sirois Leather v Lea-Suede Corp.,* 44 AD2d 815, *Eagle Mfg. Co. v Arkell & Douglas,* 197 App Div 788, affd 234 NY 573). The fact that Colonial has sold $40,000,000 worth of certificates in New York and that the contract in this case was made in New York is not controlling *(Dahnke-Walker Milling Co. v Bondurant,* 257 US 282). The purpose of section 1312 is to regulate foreign corporations which are "doing business" within the State and not to enable the avoidance of a contractual obligation *(Von Arx, AG. v Breitenstein,* 52 AD2d 1049, affd 41 NY2d 958). The incidents of business transacted in New York by a foreign corporation may be sufficient to subject it to service of New York process (CPLR 302) and yet insufficient to require it to take out a certificate authorizing it to do business in New York. Section 1312 may not, under the protections afforded by the commerce clause of the United States Constitution, deny a foreign corporation access to New York courts where the foreign corporation is engaged solely in interstate commerce *(Allenberg Cotton Co. v Pittman,* 419 US 20; *International Fuel & Iron Corp. v Donner Steel Co.,* 242 NY 224; *International Text Book Co. v Tone,* 220 NY 313). There being no permanence, continuity or regularity of Colonial's activities in New York, section 1312 of the Business Corporation Law cannot serve to bar Colonial from maintaining its action in New York against First Federal. (Appeal from judgment of Monroe Supreme Court—dismiss complaint.) Present—Marsh, P. J., Moule, Cardamone, Dillon and Goldman, JJ.