■ PARKWOOD FURNITURE CO., INC., Appellant-Respondent, v OK FURNITURE Co. et al., Respondents-Appellants.—In an action for goods sold and delivered, plaintiff appeals (by permission) from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated May 22, 1979, which (1) reversed a judgment of the Civil Court of the City of New York, Kings County, entered March 20, 1978, that was in its favor and (2) dismissed its complaint. Defendants purport to cross-appeal from so much of said order, as in effect, dismissed their counterclaims. Cross appeal dismissed, without costs or disbursements, on the ground that leave to appeal has not been granted. On the appeal by plaintiff, order affirmed, with $50 costs and disbursements to the defendants. The Appellate Term properly concluded that plaintiff had violated subdivision (a) of section 1312 of the Business Corporation Law and is thus barred from maintaining any action in this State until it obtains the necessary authority to do business in New York. The record reveals that plaintiff maintains two sales agents in New York State and that the agent for New York City maintains a special telephone number for plaintiff's merchandise. Plaintiff, through its dealings with several customers, including the defendants, did more than $1,000,000 worth of business in New York City and at least a like amount in the rest of New York State during the year and a half period mentioned in the complaint. Moreover, plaintiff's president came into New York for the purpose of attempting to resolve the difficulties with the defendants and also for the purpose of soliciting additional sales. Furthermore, plaintiff not only took orders through its sales representative in New York City, but it also called customers in New York to promote sales from within this State. Finally, plaintiff retained a repairman in New York City and instructed all dealers handling its merchandise that this man was authorized to do all work for it in connection with its products. We hold that this type of regular, systematic, extensive and continuous business, resulting in a large volume of sales, both in number and dollar amounts, constituted the doing of business within the meaning and intent of subdivision (a) of section 1312

of the Business Corporation Law (see *Marion Labs. v Wolins Pharmacal Corp.,* 28 NY2d 884). We have considered the other points raised on the plaintiff's appeal and have found them to be without merit. Rabin, J. P., Gulotta, Margett and O'Connor, JJ., concur.