INVACARE CORP., Plaintiff,

v.

JOHN NAGELDINGER & SON, INC., Defendant.

No. CV 82–3234.

United States District Court, E.D. New York.

Jan. 5, 1984.

Choate, Moore, Hahn & McGarry, James McGarry, Harold A. Meriam, III, New York City, for plaintiff.

Somer & Wand, P.C., Carl F. Wand, Commack, N.Y., for defendant.

## MEMORANDUM AND ORDER

PLATT, District Judge.

This is a diversity action for an alleged breach of contract. Plaintiff, Invacare Corporation, which manufactures and sells medical goods, is an Ohio corporation with its principal place of business in Elyria, Ohio, and defendant, John Nageldinger & Son, Inc., is a New York corporation. The complaint alleges that, pursuant to contract, plaintiff shipped and defendant received and accepted goods for which defendant has failed to make payment in the amount of $21,528.28.

■ Defendant moves to dismiss on the ground that plaintiff is doing business in New York in violation of New York Business Corporation Law § 1312(a) (BCL § 1312(a)) and thus is barred from maintaining a suit in New York. For the reasons stated herein, we deny defendant's motion.

BCL § 1312(a) provides:

A foreign corporation doing business in this state without authority shall not maintain any action or special proceeding in this state unless and until such corporation has been authorized to do business in this state and it has paid to the state all fees, penalties and franchise taxes for the years or parts thereof during which it did business in this state without authority. This prohibition shall apply to any successor in interest of such foreign corporation.

If a corporation is doing business within the meaning of section 1312(a) it is precluded from maintaining an action not only in the State courts of New York but also in the Federal courts. *Netherlands Shipmortgage Corp. v. Madias*, 717 F.2d 731, 735 (2d Cir.1983). Accordingly, if plaintiff is doing business in violation of BCL § 1312(a), we must dismiss the action.

In support of its contention that the Invacare Corporation is doing business under BCL § 1312(a), defendant points to the following factors: (1) plaintiff maintains five full time sales representatives and a sales manager who solicit sales in New York; (2) plaintiff derived gross sales of over $1 million in New York in 1980, over $2 million in 1981, and over $3 million in 1982; (3) plaintiff's representatives attended trade shows in New York; and (4) plaintiff has a network of over 500 customers throughout the State of New York. In response, plaintiff asserts that: (1) plaintiff's only business activity in New York is the mere solicitation of sales in interstate commerce; (2) the salesmen who solicit sales from New York must forward orders to Elyria, Ohio for acceptance and processing; (3) there are no sales offices or sales outlets in New York; (4) salesmen have toll free "800" telephone numbers on the business cards that are answered in Ohio; (5) there are no warehouses or stock of goods in New York; (6) there are no repair facilities in New York; and (7) plaintiff maintains no bank accounts in New York.

■ There is no precise measure for evaluating whether the nature or extent of the activities of a foreign corporation within New York constitute doing business within the meaning of BCL § 1312(a). Not all business activity amounts to doing business and determinations must be made on a case-by-case basis. *Netherlands Shipmortgage Corp.*, 717 F.2d at 735; *Oliver*

*Promotions Ltd. v. Tams-Witmark Music Library Inc.*, 535 F.Supp. 1224, 1228 (S.D. N.Y.1982); *Conklin Limestone Co. v. Linden*, 22 A.D.2d 63, 64, 253 N.Y.S.2d 578, 580 (3d Dept.1964). However, general guidelines can be derived from the cases addressing the BCL § 1312(a) doing business issue.

▪ In order for a foreign corporation to be doing business, the New York courts have required that the intrastate activity be permanent, continuous, and regular. *See, e.g., Parkwood Furniture Co. v. OK Furniture Co.*, 76 A.D.2d 905, 429 N.Y. S.2d 240 (2d Dept.1980) (mem.); *Continental Shows, Inc. v. Essex County Agricultural Society, Inc.*, 62 A.D.2d 1103, 404 N.Y.S.2d 418 (3d Dept.1978) (mem.); *Colonial Mortgage Co. v. First Federal Savings & Loan Ass'n of Rochester*, 57 A.D.2d 1046, 395 N.Y.S.2d 798 (4th Dept.1977) (mem.). The standard for evaluating business activity under BCL § 1312(a) is stricter than that used for determining whether the intrastate business activity is sufficient for jurisdictional purposes; some activity that might subject a foreign corporation to the jurisdiction of the New York courts will not suffice to constitute doing business within the meaning of section 1312(a). *Netherlands Shipmortgage Corp.*, 717 F.2d at 736; *Papers Manufacturers Co. v. Ris Paper Co., Inc.*, 86 Misc.2d 95, 97–98, 381 N.Y.S.2d 959, 962 (Civ.Ct.1976). To be doing business, "the foreign corporation must do more than make a single contract, engage in an isolated piece of business, or an occasional undertaking; it must maintain and carry on business with some continuity of act and purpose." *International Fuel & Iron Corp. v. Donner Steel Corp.*, 242 N.Y. 224, 230, 151 N.E. 214, 215 (1926). If the contacts with New York State are merely incidental to the solicitation of business and the sale and delivery of merchandise into the State, the activity is in essence interstate commerce and not subject to BCL § 1312(a). *Papers Manufacturers Co.*, 86 Misc.2d at 98, 381 N.Y.S.2d at 963. However, if the activity involves local business on more than an isolated basis, the foreign corporation must comply with the statute. *Id.* (see cases cited therein).

The defendant has pointed to at least four business contacts in New York and argues that they are evidence of permanent, regular and continuous intrastate activity. The plaintiff argues that these contacts are insufficient to constitute "doing business." Indeed, when each activity is evaluated independently from other contacts, courts have found the activity insufficient to invoke BCL § 1312(a). For example, the solicitation of sales within New York, *International Fuel & Iron Corp.*, 242 N.Y. at 229, 151 N.E. at 215; *Manhattan Fuel Co., Inc. v. New England Petroleum Corp.*, 422 F.Supp. 797, 802 (S.D.N.Y. 1976), *aff'd*, 578 F.2d 1368 (2d Cir.1978); *Stafford Higgins Industries v. Gaytone Fabrics, Inc.*, 300 F.Supp. 65, 67 (S.D.N.Y. 1969), the presence of sales representatives within New York, *Manhattan Fuel Co., Inc.*, 422 F.Supp. at 802; *Stafford Higgins Industries*, 300 F.Supp. at 67; *Librairie Hachette S.A. v. Paris Book Center, Inc.*, 309 N.Y.S.2d 701, 703 (Sup.Ct.1970), the attendance by plaintiff's representatives at trade shows within New York, *Loria & Weinhaus, Inc. v. H.R. Kaminsky & Son*, 495 F.Supp. 253, 257 (S.D.N.Y.1980), and a high volume of sales within New York, *Manhattan Fuel Co., Inc.*, 422 F.Supp. at 802; *Colonial Mortgage Co. v. First Federal Savings & Loan Ass'n of Rochester*, 57 A.D.2d 1046, 395 N.Y.S.2d 798 (4th Dept.1977), have all been found not to constitute "doing business." However, the defendant contends that, if viewed collectively, these activities fall within the contemplation of BCL § 1312(a).

In determining whether a foreign corporation is in violation of BCL § 1312(a), New York courts have not only evaluated the intrastate quality of the activity, *see, e.g., Papers Manufacturers Co.*, 86 Misc.2d at 98, 381 N.Y.S.2d at 963 (intrastate business conduct both regular and continuous and foreign corporation subject to statute); *Conklin Limestone*, 22 A.D.2d at 63, 253 N.Y.S.2d at 579 (ongoing intrastate furnishing and spreading of limestone subjects foreign corporation to statute), but "commonly have based their decisions on the extent, both quantitative and qualitative, of

the corporation's activity in the state." *Netherlands Shipmortgage Corp.,* 717 F.2d at 738. Although a review of the decisions concerning BCL § 1312(a) has failed to reveal any case with facts similar to the one at hand, the cases hereinafter discussed are illustrative of the various combination of facts that lead to a determination of whether a foreign corporation is doing business.

In *Parkwood Furniture Co. v. OK Furniture Co.,* 76 A.D.2d 905, 429 N.Y.S.2d 240 (2d Dept.1980), the Court found that the foreign corporation's activities were so substantial that the corporation was subject to the qualification statute. The foreign corporation maintained two sales agents, had a repairman who was authorized to do all work for the corporation in New York, sent its president into New York to resolve problems with a purchaser and solicit sales, maintained a special telephone number for sales in New York, and earned over two million dollars in a two year period. The Court held "that this type of regular systematic, extensive and continuous business, resulting in a large volume of sales, both in number and dollar amounts, constitutes the doing of business within the meaning and intent of subdivision (a) of section 1312 of the Business Corporation Law." *Id.* at 905–06, 429 N.Y. S.2d at 241.

In *Colonial Mortgage Co. v. First Federal Savings & Loan Ass'n of Rochester, supra,* on the other hand, the Court held that plaintiff foreign corporation did not maintain regular, continuous and permanent activity and, thus, was not doing business in New York because "[i]t does not maintain a bank account, own real property, maintain an inventory of securities, or an office for the purpose of transacting business, a telephone listing, advertise for the sale of securities or employ any New York resident." 57 A.D.2d at 1047, 395 N.Y.S.2d at 799. The Court found that the volume of sales in New York, over $40,-000,000, and the fact that the contract in question was made in New York, were not controlling in the BCL § 1312(a) determination. Rather, the Court indicated that where there was no evidence of localized business activity, section 1312(a) cannot serve to bar a foreign corporation from maintaining an action.

The instant case involves facts that are closer to those in the *Colonial Mortgage Co.* case than to those in the *Parkwood Furniture Co.* case. Here, as in *Colonial Mortgage Co.,* there is no evidence of localized business activity in New York. The plaintiff does not maintain a sales office or a warehouse in New York. Salesman must forward all orders to Ohio for acceptance and processing and can be reached at toll free "800" telephone numbers that are answered in Ohio. Unlike the situation in *Parkwood Furniture Co.,* there are no repair facilities or local telephone numbers for sales in New York. Plaintiff does not maintain a bank account in New York.

This Court, therefore, concludes that the plaintiff does not engage in permanent, continuous, and regular intrastate conduct in New York. Not only do plaintiff's business activities fail to have an intrastate quality, but, collectively, they fail to be so substantial in quantity or quality so as to subject plaintiff to the purview of section 1312(a). In essence, plaintiff's activities amount to the interstate solicitation of instate sales and delivery pursuant thereto, which is not subject to New York's qualification statute. *Manhattan Fuel Co.,* 422 F.Supp. at 802; *Colonial Mortgage Co.,* 57 A.D.2d at 1047, 395 N.Y.S.2d at 800. Accordingly, we hold that plaintiff is not "doing business" in New York for the purposes of BCL § 1312(a), and defendant's motion to dismiss is hereby denied.

SO ORDERED.