**EXPENSE REDUCTION SERVICES, INC., Plaintiff,**

v.

**JONATHAN WOODNER COMPANY, INC., Defendant.**

**No. 88 Civ. 3427 (JMW).**

United States District Court, S.D. New York.

April 6, 1989.

Rosalind Fuchsberg Kaufman, The Jacob D. Fuchsberg Law Firm, New York City, for plaintiff.

Lawrence Greenapple, Bobrow Greenapple & Skolnik, New York City, for defendant.

## MEMORANDUM AND ORDER

WALKER, District Judge:

Defendant Jonathan Woodner Company, Inc. ("JWC") brings this motion to dismiss a breach of contract complaint brought by plaintiff Expense Reduction Services, Inc. ("Expense Reduction"). JWC moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Expense Reduction is an unlicensed foreign corporation regularly doing business in New York and is therefore unable to maintain an action in this State. In the alternative, JWC asks the Court to require Expense Reduction to post bond in an amount not less than $10,000 as security for JWC's costs pursuant to Rule 39 of the Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York.

For the reasons stated below, this Court denies JWC's 12(b)(6) motion, and requires Expense Reduction to post bond in the amount of $500.

## I. BACKGROUND

On a motion to dismiss a complaint, this Court accepts as true the well-pleaded facts of the non-moving party. *See e.g. Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969).

Plaintiff Expense Reduction is a Texas corporation which works with other businesses to help them reduce their costs and to obtain refunds for past overcharges. Defendant JWC, a Delaware corporation with its principal place of business in New York City, manages residential apartment buildings located in New York, Queens and Westchester Counties in the State of New York and in Atlanta, Georgia and the District of Columbia.

On January 22, 1987, Expense Reduction and JWC entered into a contract in New York, according to which Expense Reduction would analyze JWC's utility bills and would receive 50% of any savings produced by its efforts. Expense Reduction analyzed utility bill information provided by JWC and determined that JWC was due a large refund. Having informed JWC of its determination, Expense Reduction specified the information that it would need to pursue JWC's claim.

Expense Reduction claims that JWC then reneged on its agreement and refused to cooperate further. Plaintiff further alleges that had JWC not breached, Expense Reduction could have obtained refunds of over $200,000, which would have entitled plaintiff to a fee in excess of $100,000.

Expense Reduction brought suit in a state court in Texas ("the Texas Action"), which JWC removed to federal court; subsequently, JWC succeeded in convincing the court to dismiss the action. Plaintiff's petition in the Texas Action incorrectly alleged that JWC at all times relevant to that action engaged in business in Texas and owned property there. In fact, JWC engages in no business in Texas and owns no property there. Expense Reduction claims that this mistake was due to an inadvertant error by its attorneys and was not meant to deceive the Texas court into believing that it had personal jurisdiction over JWC.

## II. DISCUSSION

*A. JWC's Motion to Dismiss:*

■ JWC moves pursuant to Fed.R. Civ.P. 12(b)(6) to dismiss this action on the grounds that Expense Reduction is an unlicensed foreign corporation doing business in New York.[1]

According to New York law, a foreign corporation must obtain authorization before it conducts business in New York. N.Y.Bus.Corp.Law § 1301 (McKinney 1986). Moreover,

> [a] foreign corporation doing business in this state without authority shall not maintain any action or special proceeding in this state unless and until such corporation has been authorized to do business in this state and it has paid to the state all fees, penalties and franchise taxes for the years or parts thereof during which it did business in this state without authority. This prohibition shall apply to any successor in interest of such foreign corporation.

N.Y.Bus.Corp.Law § 1312(a) (McKinney 1986). When jurisdiction rests on diversity, "B.C.L. § 1312 precludes the maintaining of an action not only in the state courts of New York but also in the federal courts located in that state." *Netherlands Shipmortgage Corp. v. Madias*, 717 F.2d 731, 735 (2d Cir.1983) (citation omitted).

JWC claims that Expense Reduction does business in New York in violation of § 1301. However, this is not apparent from the pleadings. Expense Reduction sends agents to New York to solicit business and has New York clients, but maintains no office in the State and claims to perform all its analytical work in Texas. "Doing business," as used in § 1312 and its predecessors, was never meant to be taken literally. *International Fuel & Iron Corp. v. Donner Steel Co.*, 242 N.Y. 224, 229, 151 N.E. 214 (1926). *See also In re Dennin's Will*, 37 N.Y.S.2d 725, 728 (Saratoga Co.1942) (foreign corporation which solicited a client in New York was not

"doing business" in the State because the actual work was done in Connecticut).

The section contemplates more than mere solicitation. *See Librairie Hachette, S.A. v. Paris Book Center, Inc.*, 62 Misc.2d 873, 309 N.Y.S.2d 701 (N.Y.Co.1970). In that case, the court said:

> As this Court stated in *Bonnell Co. v. Katz*, 23 Misc.2d 1028, 1031, 196 N.Y. S.2d 763, 768, "... where a foreign corporation's primary contact here is to solicit business or merely to facilitate the sale and delivery of its merchandise ... then such a corporation should be exempt from any burdens which our laws place upon foreign corporations doing business here." For these reasons the plaintiff was not in violation of § 1312 of the Business Corporation Law and had the right to maintain the instant lawsuit in the courts of this State.

309 N.Y.S.2d at 703–04. In the *Bonnell* case, cited in *Librairie Hachette*, the court held that a foreign corporation which maintained an office and a telephone listing in Manhattan was not "doing business" in New York because the actual work was done in Georgia.

In the case at bar, Expense Reduction claims that it performs all its work in Texas. Moreover, the cases cited by JWC which held foreign corporations to be "doing business" in New York are inapposite. In *Continental Shows, Inc. v. Essex County Agricultural Society, Inc.*, 62 A.D.2d 1103, 404 N.Y.S.2d 418, 419 (3d Dep't 1978), the foreign corporation was "a supplier of riding devices, shows and concessions at fairgrounds" and had obtained the exclusive right to provide rides, shows and concessions to the defendant's fairgrounds for a period of ten years; plaintiff necessarily performed that work in New York.

Similarly, *Conklin Limestone Co. v. Linden*, 22 A.D.2d 63, 253 N.Y.S.2d 578 (3d Dep't 1964), also cited by JWC, presents a plaintiff more actively engaged in New York business than is present here. In

---

1. A Rule 12(b)(6) motion should be granted if an affirmative defense or other bar to relief— such as N.Y.Bus.Corp.Law § 1312(a), *see infra*— is apparent from the face of the complaint. *See*

*e.g. Green v. Maraio*, 722 F.2d 1013 (2d Cir.1983) (action dismissed when allegation of complaint showed that defendant was entitled to immunity defense).

that case, plaintiff was a Connecticut business that crushed limestone for agricultural use. The court noted that

> [s]ome part of the output is packaged in bags and sold to retail dealers. The major portion, however, is sold in bulk and transported in vehicles equipped with a spreading device by means of which *trained corporate employees apply the ground limestone in measured quantities directly to the farmlands* of purchasers for fertilization purposes.

253 N.Y.S.2d at 580 (emphasis added). The court properly enforced the foreign corporation statute in *Conklin* because "[t]he spreading of the lime over extensive farm acreage from especially equipped motor vehicles was strictly a local activity exclusively within the State's regulatory statute." *Id.* (citation omitted). In the case at bar, however, the work performed need not, by its nature, be performed in New York. Moreover, Expense Reduction claims to perform all its work in Texas. Therefore, Expense Reduction is not "doing business" in New York according to Article 13 of the New York Business and Corporation Law. Accordingly, JWC's 12(b)(6) motion is denied.

## B. *JWC's Application for Security Bond:*

■ JWC asks the Court, pursuant to New York CPLR § 8501, to require Expense Reduction to post a bond of not less than $10,000 to cover costs of this litigation, should the Court refuse to dismiss the case pursuant to Rule 12(b)(6).

According to the laws of the State of New York:

> *(a) As of Right.* Except where plaintiff has been granted permission to proceed as a poor person or is the petitioner in a habeas corpus proceeding, upon motion by the defendant without notice, the court or a judge thereof shall order security for costs to be given by the plaintiff where none of them is a domestic corporation, a foreign corporation licensed to do business in the state or a resident of the state when the motion is made.

N.Y.Civ.Prac.Law § 8501 (McKinney 1981). Therefore, if Expense Reduction had brought this action in state court in New York, it would be required to post bond. However, Rule 39 of the Civil Rules of the Southern and Eastern Districts leaves to the court's discretion whether a plaintiff must post bond. Rule 39 states, in pertinent part:

> The court, on motion or in its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate.

In diversity actions, "federal courts are 'not bound to follow state rules on security for costs where a federal local rule granting discretion is applicable,' although they may look to the state rules for guidance." *Atlanta Shipping Corp., Inc. v. Chemical Bank,* 818 F.2d 240, 251 (2d Cir.1987) (citations omitted).[2] Although imposition of a bond is discretionary, this Court also follows the "guidance" given by New York law. Otherwise, "inequity could result from the jurisdictional amount limitation on diversity jurisdiction [because r]esident defendants sued by out-of-state plaintiffs with large claims could not invoke the mandatory security for cost/stay of action provisions of §§ 8501–8502, while those defending claims [in federal court] under $10,000 [in state court] could obtain an *ex parte* order of security for costs." *Ilro Productions, Ltd. v. Music Fair Enterprises,* 94 F.R.D. 76, 80 (S.D.N.Y.1982). Moreover, "[r]efusal by the federal courts to follow the mandatory provisions of § 8501(a) is an obvious inducement to all foreign plaintiffs to initiate their state-based claims in federal court." *Id.* at 81. Finally, failure to follow the guidance giv-

---

**2.** *But see Ilro Productions, Ltd. v. Music Fair Enterprises,* 94 F.R.D. 76 (S.D.N.Y.1982), where the court, using an analysis of *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and its progeny, held that § 8501 binds federal courts in diversity cases. *Atlanta*

*Shipping* did not explicitly overrule *Ilro.* The discrepancy between the two cases is academic on this motion, as this Court believes that a bond is necessary. Adherence to *Ilro* would lead to the same conclusion.

en by New York law would frustrate the New York State Legislature's clearly articulated policy of protecting its citizens from frivolous suits brought by out-of-state plaintiffs. *Id.* at 81–83.

On its motion for an order that plaintiff post a bond of $10,000, defendant relies on *Atlanta Shipping* and *Knight v. H.E. Yerkes and Associates, Inc.,* 675 F.Supp. 139 (S.D.N.Y.1987). However, plaintiff here points out that it is not, as was the plaintiff in *Atlanta Shipping,* a debtor in bankruptcy. As for *Knight,* the court in that case set bond at $15,000. However, in that case, the court based the amount on the fact that (1) plaintiff was a resident of Thailand and collection of costs, should defendant prevail, would prove difficult, (2) that defendant would have to take depositions in London, Singapore, Greece and Thailand, and (3) that there was considerable risk that plaintiff would be unable to pay defendant's costs should defendant prevail. *Id.* at 142. In the case at bar, Texas is not Thailand, and there is no evidence that Expense Reduction could not pay JWC's costs should the latter prevail. While these distinctions suggest that bond should not be as high as $10,000, as it was in *Atlanta Shipping,* they are not enough to overcome this Court's belief, strengthened by § 8501, that *some* bond is appropriate.

To determine the proper amount, the Court looks for guidance to New York law, which states, in pertinent part: "Security for costs shall be given by an undertaking in an amount of five hundred dollars in counties within the city of New York ..." N.Y.Civ.Prac.Law § 8503 (McKinney 1981). The Court can, in its discretion, increase that amount. However, JWC has failed to justify the imposition of a greater amount; the mere possibility of "multiple depositions" in Texas, D.Mem. at 8, provides insufficient support for JWC's request. Moreover, as noted above, JWC has also failed to present any evidence whatsoever of plaintiff's inability to satisfy any future judgment. Therefore, Expense Reduction must post a bond of $500.

## CONCLUSION

Expense Reduction is not "doing business" in New York according to Article 13 of the New York Business and Corporations Law. Therefore, JWC's 12(b)(6) motion is denied. This Court is unconvinced by plaintiff that it should exercise its discretion to ignore the New York statutory requirement that plaintiff post bond. However, JWC has failed to convince the Court to require bond over and above the New York statutory minimum. Therefore, bond is set at $500.

SO ORDERED.