OPINION OF THE COURT
Doris Ling-Cohan, J.
Defendant moves for an order pursuant to CPLR 3015 (e); 3211 (a) (7) and Business Corporation Law § 1312 striking the complaint or, in the alternative, vacating the notice of trial for lack of discovery, and imposing sanctions against plaintiff.
Plaintiff commenced this action to receive monies it is allegedly owed for providing construction materials to Mulford Construction Corp. (Mulford). Defendant Frank T. Porco (Porco) is named as a defendant pursuant to a guaranty of payment he executed.
This motion presents two interesting questions: (1) whether CPLR 3015, which bars an unlicensed business required by law to be licensed by the New York City Department of Consumer Affairs (or other specified county consumer departments) from filing a lawsuit against a "consumer”, applies to a transaction involving a supplier and a corporation or to a personal, guaranty of debts owed by a corporation; and (2) whether plaintiff foreign corporation’s contacts with this State constitute "doing business” for purposes of Business Corporation Law § 1312, thereby invoking the statute’s bar on an unlicensed foreign corporation from utilizing New York’s courts.
CPLR 3015 (e)
Defendant’s citation of CPLR 3015 (e) as a basis for dismissal of plaintiff’s complaint is misplaced. CPLR 3015 (e) provides in its relevant part: "Where the plaintiff’s cause of action against a consumer arises from the plaintiff’s conduct of a business which is required by state or local law to be licensed by the department of consumer affairs of the city of New York * * * Suffolk * * * Westchester * * * Rockland * * * 0r * * * Nassau * * * the complaint shall allege, as part of the cause of action, that plaintiff is duly licensed and shall contain the name and number, if any, of such license and the governmental agency which issued such license”.
CPLR 3015 (e) further provides that the failure to include the allegation that plaintiff is duly licensed, the name and number of such license, and the governmental agency which *686 issued the license in the complaint, allows the defendant to move for dismissal.*
The statute makes clear that it applies only to suits against a "consumer” which arise from a plaintiff’s conduct of a business required by State or local law to be licensed by a Department of Consumer Affairs in the City of New York, Suffolk, Westchester, Rockland or Nassau County. Although the statute carries no definition of "consumer”, and this court has not been able to find a reported decision defining this word as it applies to this particular statute, this court is guided by its common usage and the definition provided in CPLR 105 for a "consumer credit transaction”, which identifies a "consumer” transaction as one that involves a purchase or loan for " 'personal, family or household purposes’ ”. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3015:6, at 57.) Moreover, the reported decisions applying CPLR 3015 (e) generally involve home contractors. (See, e.g., B & F Bldg. Corp. v Liebig, 76 NY2d 689, supra; Primo Constr. v Stahl, 161 AD2d 516 [1st Dept 1990]; Zandell v Zerbe, 139 Misc 2d 737 [Civ Ct, NY County 1988].) As stated by the Court of Appeals in B & F Bldg. Corp. v Liebig; "The legislative purpose in enacting it * * * was * * * to benefit consumers by shifting the burden from the homeowner to the contractor to establish that the contractor was licensed.” (76 NY2d, at 693; see also, Zandell v Zerbe, 139 Misc 2d, at 739.) Accordingly, this court holds that CPLR 3015 (e) is not applicable to a commercial transaction involving a supplier and a corporation as is the situation in this case; nor does it apply to a personal guaranty of debts owed by a corporation. As such, defendant’s request to dismiss pursuant to CPLR 3015 (e) is denied.
Business Corporation Law § 1312
As to that part of defendant’s motion made pursuant to Business Corporation Law § 1312 asserting that, in order for plaintiff foreign corporation to utilize the courts of this State, it must be licensed, this court holds that Business Corporation Law § 1312 does not apply. Simply put, Business Corporation Law § 1312 bars a foreign corporation "doing business” within *687 this State from using the courts unless the corporation is authorized to do business in New York State.
The issue presented to the court is whether plaintiff corporation’s contacts with New York constitute "doing business” for purposes of Business Corporation Law § 1312. There is no precise measure of the nature or extent of the activities which may be determinative of whether a foreign corporation is doing business in New York for purposes of Business Corporation Law § 1312, and each case must be decided on its own facts. (Netherlands Shipmortgage Corp. v Madias, 717 F2d 731 [2d Cir 1983] [citing Bonnell Co. v Katz, 23 Misc 2d 1028 [Sup Ct I960].) However, it is clear that not all business activity engaged in by a foreign corporation constitutes doing business in New York. (Von Arx, A. G. v Breitenstein, 52 AD2d 1049, affd 41 NY2d 958 [1977].) In fact, business activity which may subject a foreign corporation to the jurisdiction of New York would not necessarily constitute doing business under Business Corporation Law § 1312. (Netherlands Shipmortgage Corp. v Madias, 717 F2d, at 735-736 [citing Von Arx, A. G. v Breitenstein, supra].) The Court of Appeals has articulated the standard in its discussion of the predecessor of Business Corporation Law § 1312 in International Fuel & Iron Corp. v Donner Steel Co. (242 NY 224, 230 [1926]): "To come within this section, the foreign corporation must do more than make a single contract, engage in an isolated piece of business, or an occasional undertaking; it must maintain and carry on business with some continuity of act and purpose.”
Here, it is undisputed that plaintiff foreign corporation’s connection to and its "doing business” in this State is limited to taking orders from and delivering goods to buyers in New York State. There is no claim that plaintiff has an office, advertises, regularly induces the purchase of its products by New York users from its New York distributors, or otherwise transacts business in New York State. (See, Paper Mfrs. Co. v Ris Paper Co., 86 Misc 2d 95 [Civ Ct, NY County 1976]; see also, Colonial Mtge. Co. v First Fed. Sav. & Loan Assn., 57 AD2d 1046, 1047 [4th Dept 1977].) "If the foreign corporation’s contacts here, no matter how extensive, are merely for the purpose of soliciting business and activities incidental to the sale and delivery of merchandise into the State, then the foreign corporation is engaged in interstate commerce and is constitutionally beyond the reach of section 1312 of the Business Corporation Law.” (Paper Mfrs. Co. v Ris Paper Co., 86 Misc 2d, at 98.) On these facts, this court holds that plaintiff *688 does not do business for purposes of Business Corporation Law § 1312 and thus need not be licensed or registered by the Secretary of State in order to utilize this State’s courts. To hold otherwise would violate the Commerce Clause, as the business activity described in the instant case is, in essence, interstate commerce and not subject to Business Corporation Law § 1312 (a). (See, Invacare Corp. v Nageldinger & Son, 576 F Supp 1542, 1544 [ED NY 1984] [citing Paper Mfrs. Co. v Ris Paper Co., supra].)
Discovery
As to defendant’s discovery contentions and request to strike the complaint or, alternatively, to vacate the notice of trial, this court has reviewed the discovery demands and responses. It is well-settled law that actions should, whenever possible, be resolved on the merits and the drastic and extreme sanction of striking a party’s pleading is only to be imposed where the moving party can show that the failure to disclose was willful, contumacious or in bad faith. (See, Bassett v Bando Sangsa Co., 103 AD2d 728 [1st Dept 1984].) It is the opinion of this court that defendant has failed to fulfill its burden of showing sufficient willful or contumacious conduct by plaintiff to warrant the extreme sanction of striking the complaint. As only two discovery requests need to be complied with by plaintiff, vacating the notice of trial serves no purpose. However, it is ordered that plaintiff shall properly respond to questions 2 and 3 in defendant’s demand for a bill of particulars, dated September 18, 1995, no later than 30 days after service of a copy of this order by defendant with notice of entry.
Upon plaintiff’s failure to comply with the foregoing, it is ordered that plaintiff’s complaint be stricken and judgment be entered in favor of defendant.
Finally, as to defendant’s request for sanctions pursuant to part 130 of the Rules of the Chief Administrator of the Courts (22 NYCRR), the court has reviewed all the submissions on this issue and denies sanctions at this time. Defendant has not sustained his burden on this issue. (See, Davis v Exxon Corp., 216 AD2d 134 [1st Dept 1995].)

 The statute appears to allow an amendment of the complaint to include such allegation if plaintiff was in fact licensed. (See, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3015:6, at 55.) Whether a plaintiff can apply for and obtain a license and continue to maintain an action where at the time of contract the plaintiff was unlicensed is questionable. (Ibid.; see also, B & F Bldg. Corp. v Liebig, 76 NY2d 689 [1990].)